IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   03-cv-01454-WDM-PAC

COLORADO RIGHT TO LIFE COMMITTEE, INC.,

    Plaintiff,

v.

GIGI DENNIS,

    Defendant.
_____

**ORDER**
_____

    This matter is before me on Defendant's Motion to Alter or Amend Judgment and plaintiff's Motion to Alter or Amend Judgment and Petition for Attorneys' Fees and Expenses. After plaintiff's motion was filed, defendant filed a motion to stay proceedings regarding attorneys' fees and a motion to strike plaintiff's reply brief.

    Defendant's motion to alter my judgment focuses on my ruling that Article XXVIII's definition of political committee as applied to plaintiff is unconstitutional because it lacked a major purpose test to trigger regulation of political committees. *See* Article XXVIII, Section 2 (12). Defendant now argues that I need not reach that issue because the record does not establish that plaintiff actually received or spent amounts necessary to expose it to such regulation. Defendant believes that I should conclude that plaintiff is not a political committee as defined, thereby dispensing with the necessity of determining the constitutionality of the Article.

Plaintiff responds that the parties' stipulated facts provided plaintiff's activities would trigger its regulation as a political committee. Defendant did not challenge those assertions. As I observed in footnote 22 of my September 30, 2005 order, I accepted this uncontested representation without making concrete factual findings whether plaintiff would indeed be subject to regulations as a political committee.

In essence, defendant belatedly argues that plaintiff lacks standing to raise this issue. Certainly it is true that, if challenged, plaintiff must show that it has suffered an actual or threatened loss or injury in fact. *See Lujan v. Defenders of Wild Life*, 504 U.S. 555, 559-560 (1992) (must show "an invasion of legally-protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."). However, defendant has never made a standing argument in all of its briefs and even fails to expressly challenge the jurisdiction at this point.[1] Regardless, not only did defendant stipulate that plaintiff would be subjected to such regulation, the uncontested facts demonstrate that plaintiff is a corporate entity which has made contributions or incurred expenses in excess of $200 at different times in support of candidates, thus meeting the political committee definition of Section 2(12)(a). For example, in 2002, it spent $335 providing prerecorded phone messages concerning the Republican primary race between Greg Brophy and Jack Darnell. Stipulated Statement

---

[1] In various briefs defendant had argued that this particular issue was not before me because the party who raised and argued it, Colorado Citizens for Responsible Government, Inc., was dismissed and plaintiff never asserted this claim. As noted in my opinion, however, the stipulated pretrial order listed this as an issue to be resolved (definition of political committee "is unconstitutional on its face and as applied because it . . . sweeps in organizations like CRLC whose major purpose is not the election or nomination of candidates." Pretrial Order, p. 3).

of Undisputed Facts, ¶ 46. Consequently, defendant's motion should be denied.

Plaintiff moves to amend my judgment to award it attorneys' fees as the prevailing party pursuant to 42 U.S.C. §§ 1983 and 1988. Defendant responds that my order should be amended to provide more particularized reasons for denying plaintiff's request for attorneys' fees, but also moves that I stay these proceedings concerning attorneys' fees because both parties have declared they intend to appeal and the result of the appeal will have substantial impact on the determination of fee entitlement and, if awarded, the amount. In its response plaintiff acknowledges that scarce judicial resources might be preserved pending determination of the substantive issues and suggests that I strike the language concerning attorneys' fees and costs so that neither party must appeal that issue at this point. The parties' suggestions have common sense. I will amend my order to vacate the attorneys' fees and cost provision and order that plaintiff's petition for attorneys' fees be denied without prejudice pending the appeal.

Defendant filed a motion to strike plaintiff's reply because it was filed without authority from me. I agree and that motion shall be granted.

Accordingly, it is ordered as follows:

1. Defendant's Motion to Alter or Amend Judgment (docket no. 118) is denied;

2. Plaintiff's Motion to Alter or Amend Judgment and Petition for Attorneys' Fees and Expenses (docket no. 119) is granted in part and denied in part. My September 30, 2005 order is amended to vacate my order that each party shall bear its own costs and fees and plaintiff's petition for attorneys' fees and costs is denied without prejudice

pending the parties' appeal of my orders;

    3.  Defendant's motion to stay (docket no. 126) is denied as moot; and

    4.  Defendant's motion to strike (docket no. 132) is granted.

DATED at Denver, Colorado, on November 14, 2005.

                                    BY THE COURT:

                                    /s/ Walker D. Miller
                                    United States District Judge