IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-01454-WDM

COLORADO RIGHT TO LIFE COMMITTEE, INC.,

    Plaintiff,

v.

MIKE KAUFMAN, in his official capacity as Secretary of State,

    Defendant.

_____

## ORDER ON ATTORNEY'S FEES
_____

    This matter is before me on the Plaintiff's Amended Petition for Attorney's Fees and Expenses (doc. no. 156) in which Plaintiff sought $370,129.50 in attorney's fees and costs of $17,244.11 for a total claim of $387,353.61. By supplemental filings the Plaintiff increased the attorney fee expense to $374,588 while reducing the expense total to $13,030.09 for a total claim of $387,618.09. (Supplemental declaration of James Bopp, Jr., doc. no. 167). The claim was supported by the declaration of Edward Ramey (doc no. 159), an experienced Colorado practitioner. Mr. Ramey concludes that the hourly rates and number of hours charged are reasonable and within the prevailing rates in Colorado.

    Defendant responded (doc. no. 165) by acknowledging that Plaintiff is entitled to fees but challenged the hourly rates charged, certain travel expenses and some of the hours charged. Defendant supported its position with the declaration of David R. Brougham (doc. no. 165-2), likewise an experienced Colorado practitioner, who opined

that Plaintiff's hourly rates were too high.

Then, after several months had passed, Plaintiff spontaneously filed its Supplement to Plaintiff's Amended Petition for Attorneys' Fees and Expenses (doc. no. 170) which is devoted principally to compensating the attorney fee claimant for delay in ultimate payment. Plaintiff used this uninvited opportunity to claim additional attorney fees of $10,170.50, and additionally incurred expenses of $474, resulting in a total attorney fee claim of $384,758.50, and expenses of $13,504.09, for a total claim of $398,262.59.

## Discussion.

There is no dispute that Plaintiff is entitled to recover reasonable attorney's fees and expenses as the prevailing party in a § 1983 action. 42 U.S.C. § 1988. The only remaining issues then concern the reasonableness of the hours and rates charged together with the reasonableness and relevancy of some expenses.

Beginning with expenses claimed, defendant has objected to travel expenses for June 1 and 9, 2004, for Eric Bohnet (Bohnet) and of April 1 and May 31, 2005, and January 16, 2007, for James Bopp, Jr. (Bopp) totaling $4,230.27. I agree with defendant. Plaintiff bears the burden of persuasion and there is no evidence that out-of-state attorneys were necessary to adequately represent Plaintiff in this matter. Indeed, my experience is that Plaintiff counsel's representation was not highly unique nor different from representation competently provided by local counsel in similar cases. I also note that the declarations of both experts confirm that attorneys in the Denver area are likewise expert in the areas of law at issue in this case. The travel expense would

be unnecessary and an unreasonable charge to the defendant.[1]  Accordingly, the initial claimed amount of $17,224.11, together with additional $36.25 incurred (doc. no. 167), is reduced by $4,230.27, leaving $13,030.09 as allowed costs.[2]

Turning to the hours charged, Defendant limits its objections to the time charged for travel to Denver (18 hours for Mr. Bopp and 14.5 hours for Mr. Bohnet).  Defendant cites to *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983), which holds that, absent a showing of need to obtain out-of-area counsel, there should be no recovery for travel expenses.  As indicated there was no need for out-of-state counsel.  In its reply, Plaintiff relies on *Smith v. Freeman*, 921 F.2d 1120 (10th Cir. 1990), which allows recovery of attorney travel time if such time is normally billed to a private client and the amount is reasonable.  *Id*. at 1122.  This is particularly true if productive legal work is performed during travel.  Assuming that the Tenth Circuit would allow recovery of some charges for travel time, the question becomes whether Plaintiff has met its burden of proof.  It asserts it has done so by reference to the Bopp declaration:

> 11.  In order to insure that clients or defendants are not over-charged for travel time, the attorneys in my firm bill a standard 10 hours a day when they are out of town for a case, regardless of whether they were actually in transit on those days.  They also make every effort to use times spent waiting for or traveling on airplanes productively by reviewing case materials, preparing for depositions, etc.

I find that justification less than satisfactory.  First, based on many years of

---

[1] Plaintiff has withdrawn this claim.

[2] For the reasons stated below, I also decline to award the additional $474 for computerized research claimed in Plaintiff's Supplement to Plaintiff's Amended Petition for Attorney's Fees and Expenses (doc. no. 170).

experience (27 plus years of billing responsibility in private practice) the flat 10-hour base charge, which may or may not cover actual productive, otherwise billable work, presupposes an unrealistic normal billing day.  My long experience teaches that, given the many interruptions and inefficiencies of practice, a realistic billable hour daily goal is more like 6 hours, with actual trial and trial preparation being the exception where 10 or more hours would not be unusual.  *Ramos* confirms these realities.  713 P.2d at 553-4. In contrast, Plaintiff counsel's flat fee impermissibly presupposes the exception is the rule.[3]

Secondly, a flat per diem charge is subject to abuse with the classic example being double billing for the actual work performed for the same hour charged for traveling.  Regrettably, Plaintiff's billings contain an example.  The Bohnet charges for June 1, 2004, contain the following hourly charges: 3.7 hours for deposition preparation; 4.5 hours for travel to Colorado; 10 hours for motion, prepare for deposition and travel to Colorado, for a total of 18.2 billable hours.  Based upon my long experience, charging 18.2 hours for 1 day of work is presumptively unreasonable as it contemplates something less than 6 hours actually spent unproductively–such as sleeping–in a 24-hour period.  Knowing how difficult it is to actually charge 10 or 11 hours a day for truly productive work, I doubt that a 18.2 hour charge for 1 day is reasonable.  As presented, it is possible, if not probable, that double charging occurred.

I conclude Plaintiff has not met its burden and therefore sustain the Defendant's

---

[3] My personal practice, which was not unusual in the profession, was to charge actual travel time within Colorado at my standard rate.  On the other hand inter-state travel was either on a per diem rate equal to a limited number of billable hours or the actual billable hours, whichever was greater.

specific, but limited, objections to the travel time hours as being unreasonable and the hours charged by Bohnet and Bopp must accordingly be reduced. Mr. Bopp's hours are reduced from 80.1 to 62.1 (80.1 minus 18) and Mr. Bohnet's from 658.1 to 643.6 (658.1 minus 14.5).

I also decline to award any fees for the hours spent by Plaintiff's counsel for their supplemental claim of July 8, 2008 (doc. no. 170). The essence of this filing, uninvited by the court and unresponsive to any filing by defendant, was that delay in payment of fees should be taken into account when determining the rate or allowing interest. I am well aware of the authority and routinely include the time factor in fee determinations. This filing was unnecessary and would constitute an unreasonable charge against the defendant and these hours will not be included.

Turning to consideration of the hourly rates, I find and conclude that the opinion of the defense expert more closely tracks reasonable rates charged by a plaintiff's counsel in Colorado for this type of case. Mr. Brougham cites to cases in this district, including one involving Mr. Bopp, where he was awarded fees at the rate of $250 per hour and concludes that $300 per hour would be consistent with fees charged by individuals familiar with the law of this case. Mr. Ramey's opinion is more expansive and somewhat inconsistent with the survey information provided for the Denver/Boulder area which indicates that an attorney with 20 or more years of experience would fall within the $300 an hour range. ($305 for 2005, and $299 for 2007). Indeed the upper quartile for 2005 would range from $300 to $350 per hour. Accordingly, I conclude that Mr. Bopp's time should be charged at $300 per hour.

Turning to Mr. Bohnet, and again considering the same factors, an associate of

5

his experience would average $268 per hour for 2005, and $226 for 2007. An opinion that the hourly fee should be $240 an hour seems liberal and I will accept that opinion of Defendant's expert.

Consideration of the backgrounds of Mr. Colson and Mr. Bostrum likewise indicates that $240 per hour would be a reasonable rate to be charged in this locale.

With regard to the inexperienced attorneys, Ms. Moore and Mr. Gallant, again considering the same factors would indicate that $200 an hour is an appropriate charge.

Defendant did not challenge the rates charged for Ms. Woudenberg or Mr. Bostrum.

Accordingly, attorney's fees should be calculated as follows:

| | | | | | |
|---|---|---|---|---|---:|
| Bopp: | 62.1 hours | x | $300 | = | $18,630.00 |
| Bohnet: | 643.6 hours | x | $240 | = | $154,464.00 |
| Coleson: | 221.5 hours | x | $240 | = | $53,160.00 |
| Moore: | 125.7 hours | x | $200 | = | $25,140.00 |
| Gallant: | 2.9 hours | x | $200 | = | $580.00 |
| Woudenberg: | 19 hours | x | $185 | = | $166.50 |
| Bostrom: | .4 hours | x | $240 | = | <u>$96.00</u> |
| | | | | | $252,236.50 |

Finally, I note that the attorney fee issue was fully presented to me in mid-November 2007. As indicated, my findings on hourly rate are based upon statistical surveys from 2005 and 2007. Accordingly, I conclude that the hourly rate figures are current through 2007. Regrettably, given the heavy workload of this court, it is not

unusual for ruling on a disputed fee application to await 5 or 6 months. Generally, using current rates for work done in an earlier time period helps adjust for inflation and interest.  *Ramos*, 713 F.2d at 555.  Nevertheless, in recognition of the lengthy nature of the litigation and the fact that the issue was not fully briefed until November, 2007, I will order that the amount due bear interest from January 1, 2008 at the 3.42% interest rate then in effect for judgments in this court.

Accordingly it is ordered that Plaintiff is awarded attorney fees in the amount of $252,236.50, and expenses in the amount of $13,030.09, for a total of $ 265,266.59, together with interest from and after January 1, 2008, at 3.42% per annum, compounded annually.

DATED at Denver, Colorado, on September 10, 2008.

                BY THE COURT:


                s/ Walker D. Miller
                Senior United States District Judge